IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 0 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00517-ZLW

RICHARD ROBBINS,

     Applicant,

v.

JOSEPH ORTIZ, DOC Executive Director, and
JOHN SUTHERS, Attorney General of the State of Colorado,

     Respondents.

---

## ORDER DENYING MOTION TO RECONSIDER

Applicant Richard Robbins has filed **pro se** on July 3, 2006, a "Motion for Reconsideration of Dismissal." Mr. Robbins asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on June 16, 2006. The Court must construe the motion to reconsider liberally because Mr. Robbins is proceeding **pro se**. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Although the motion to reconsider was not filed until July 3, 2006, the certificate of mailing indicates that Mr. Robbins placed the motion in the prison mailing

system on June 30, 2006.  Pursuant to the prisoner mailbox rule, *see Houston v.*

*Lack*, 487 U.S. 266, 270 (1988), the Court will deem the motion to reconsider filed on

June 30, 2006.  Therefore, the Court finds that the motion to reconsider was filed within

ten days after the Court's Order and Judgment of Dismissal.  *See* Fed. R. Civ. P. 6(a)

(time periods of less than eleven days exclude intervening Saturdays, Sundays, and

legal holidays).  As a result, the Court will consider the motion to reconsider pursuant to

Rule 59(e).  *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant habeas corpus action because Mr. Robbins

procedurally defaulted his claims in state court and he failed to demonstrate cause and

prejudice or a fundamental miscarriage of justice.  Upon consideration of the motion to

reconsider and the entire file, the Court finds that Mr. Robbins fails to demonstrate

some reason why the Court should reconsider and vacate the order to dismiss this

action.  The three major grounds that justify reconsideration are:  (1) an intervening

change in controlling law; (2) the availability of new evidence; and (3) the need to

correct clear error or prevent manifest injustice.  *See Shields v. Shetler*, 120 F.R.D.

123, 126 (D. Colo. 1988).  Mr. Robbins does not allege the existence of any new law or

evidence and he fails to convince the Court of the need to correct clear error or prevent

manifest injustice.  Therefore, the motion to reconsider will be denied.  Accordingly, it is

ORDERED that the "Motion for Reconsideration of Dismissal" filed on July 3, 2006, is denied.

DATED at Denver, Colorado, this __19__ day of _____July_____, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  06-cv-00517-BNB

Richard Robbins
Prisoner No.  42705
Fremont Corr. Facility
PO Box 999
Canon City, CO 81215-0999

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/20/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk